USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
IN RE: :
:
CELESTE WENEGIEME, :
: 16-CV-8107 (VSB)
Debtor. :
: **MEMORANDUM & OPINION**
-----------------------------------------------------------X
:
CELESTINE WENEGIEME, :
:
Appellant, :
:
- against - :
:
GOLDSTEIN GROUP HOLDING, :
:
Appellee. :
:
-----------------------------------------------------------X

<u>Appearances</u>:

Celestine Wenegieme
*Pro se Appellant*

Elizabeth Anne Haas
Elizabeth A. Haas, Attorney at Law
New City, New York
*Counsel for Appellee*

VERNON S. BRODERICK, United States District Judge:

      Before me is the motion of Appellee Goldstein Group Holding ("Goldstein") to dismiss the appeal of Appellant Celestine Wenegieme ("Celestine"). Goldstein argues that the appeal must be dismissed pursuant to Federal Rule of Bankruptcy Procedure 8002(a) because it is untimely. Celestine argues that his untimely appeal should be disregarded because of his excusable neglect. For the reasons set forth herein and for those stated on the record at the December 23 conference, Goldstein's motion to dismiss the appeal, (Doc. 14), is GRANTED.

I.  **Background**

Celestine is the brother of Celeste Wenegieme ("Celeste"), and Celeste is the debtor in the underlying bankruptcy case related to this appeal. Celeste filed her voluntary Chapter 13 bankruptcy petition on August 15, 2016 in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"); that case is styled: *In re Celeste Wenegieme*, No. 16-12354 (LJG) (the "Bankruptcy Action").

At the time Celeste filed her Chapter 13 bankruptcy petition, Goldstein was the holder of a note and mortgage relating to the property located at 215 West 134th Street, New York, New York 10030 ("Property"). (Haas Decl. ¶ 2.)[1] Although Goldstein held the ownership interest in the Property, in an abundance of caution, (*see id.* ¶ 7), Goldstein filed a motion in the Bankruptcy Action to terminate the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(4) so that Goldstein could proceed with a foreclosure sale on the Property ("Lift Stay Motion"). Goldstein served the Lift Stay Motion on Celestine at several addresses including the publicly available address: 1037 Elder Avenue, Suite 1R, Bronx, New York 10472. (Haas Decl. Ex. D.) In addition, Goldstein served the Lift Stay Motion on Celeste and Alleyne Sylvester, a former owner of the Property and a person believed to conduct business with Celeste, Celestine, and their mother, Tina Maresca. (*Id.*)

On September 1, 2016, the Bankruptcy Court held an evidentiary hearing on the Lift Stay Motion ("September 1 Hearing"), and Celeste attended that hearing. (*Id.* ¶ 8.) The principal of Goldstein testified at the September 1 Hearing regarding the note and mortgage relating to the

---

[1] "Haas Decl." refers to the Application in Support of Motion for an Order Dismissing Notice of Appeal as Untimely, Pursuant to Federal Rules of Bankruptcy Procedure 8002(a) which was originally filed on November 18, 2016, (Doc. 11-1), and refiled on December 9 to correct a filing error, (Doc. 15) ("Application").

Property. (9/1/16 Hr'g Tr. 16:12-22.)[2] At the conclusion of testimony, the Bankruptcy Court found that Goldstein was the holder of the note and mortgage relating to the Property and had standing to file the Lift Stay Motion. (*Id.*) On September 6, 2016, upon consideration of the papers submitted in support of the Lift Stay Motion and the testimony provided at the September 1 Hearing, the Bankruptcy Court granted the Lift Stay Motion and issued an order terminating the automatic stay pursuant to 11 U.S.C. § 362(d)(1) as to Goldstein's interest in the Property. (Lift Stay Order.)[3] The Lift Stay Order stated, in pertinent part, that "the automatic stay imposed in this case by § 362(a) of the Bankruptcy Code is vacated under § 362(d)(1) of the Bankruptcy Code for cause as to Goldstein Group's interests in the Property to allow Goldstein Group's enforcement of its rights in, and remedies in and to, the Property." (*Id.*) The foreclosure sale on the Property proceeded as scheduled on September 7, 2016, there was competitive bidding, and the Property was sold to a third party. (Haas Decl. ¶ 25.)

## II. Procedural History

On October 6, 2016, Celestine filed his notice of appeal of the Lift Stay Order. (Doc. 1.) On October 20, 2016, Goldstein filed a pre-motion letter regarding its anticipated motion to dismiss the appeal as untimely, (Doc. 3), and Celestine filed his response letter on October 28, 2016, (Doc. 6). Goldstein and Celestine appeared before me on November 7, 2016, for a pre-motion conference regarding Goldstein's anticipated motion to dismiss, and, on November 9, 2016, I issued an order setting a briefing schedule for Goldstein's motion to dismiss the appeal. (Doc. 10.)

Pursuant to my November 9 scheduling order, Goldstein filed its motion to dismiss the

---

[2] "9/1/16 Hr'g Tr." refers to the transcript of the September 1 Hearing. (Haas Decl. Ex. A.)

[3] "Lift Stay Order" refers to Exhibit B to the Order Terminating the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1), which is annexed to the Application.

3

appeal on November 18, (Doc. 11), along with a supporting memorandum of law, application, and exhibits, (Docs. 11-1–11-15).[4] On December 5, Celestine filed his memorandum of law in opposition to the motion along with supporting exhibits. (Doc. 13.) On December 12, Goldstein filed its reply and supporting affirmation. (Docs. 17, 18.) On December 23, 2016, the parties appeared for a conference regarding Goldstein's motion to dismiss.

On April 3, 2017 I issued an Order: (1) noting that the underlying bankruptcy proceeding has been dismissed pursuant to 11 U.S.C. § 1307(c); (2) noting that the debtor Celeste Wenegieme had filed a notice of appeal; and (3) directing the parties to "submit a letter by April 14, 2017 setting forth how the dismissal and pending appeal informs Appellee's motion to dismiss." (Doc. 14.) Goldstein submitted a letter on April 7, 2017 arguing that the instant appeal is moot and that the status of the underlying bankruptcy does not alter its view that the appeal is moot. (Doc. 21.)

### III. Legal Standard

This court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court. Federal Rule of Bankruptcy Procedure ("FRBP") 8013 provides that, on such an appeal, a district court reviews the bankruptcy court's findings of fact for clear error, and any conclusions of law are reviewed de novo. *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994).

In addition, pleadings submitted by a pro se litigant "must be construed liberally," and must be read "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also In re Motor Liquidation Co.*, No. 11 Civ.

---

[4] To correct a filing error, which was docketed on December 9, Goldstein re-filed, that same day, the documents that were originally filed on November 18. (Docs. 14–16.)

4

7893(DLC), 2012 WL 398640, at *2 (S.D.N.Y. Feb. 7, 2012) (construing submissions of pro se bankruptcy appellant liberally). Further, while pro se litigants in bankruptcy proceedings "are generally afforded some latitude, they are nonetheless required to learn and comply with procedural rules." *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008).

IV. **Discussion**

In the motion to dismiss, Goldstein argues that Celestine's appeal must be dismissed pursuant to FRBP 8002(a) because it is untimely. (Goldstein Mem. 2.)[5] Celestine does not dispute that his appeal is untimely; however, he opposes the motion on grounds that: (i) he was not served with the Lift Stay Motion; and (ii) his untimely filing constitutes excusable neglect. (Opp. Mem. ¶¶ 3, 8, 21.)[6]

A. *Notice of the September 1 Hearing*

Celestine argues that he was "not present at the hearing on September 1st, 2016 [in the Bankruptcy Court]; because [he] was **not** formally or informally notified by any mode of service as [the August 24 Bankruptcy Court Order[7]] has shown that my name or address was **not** included as one of the persons' [sic] to be notified with reference to the proposed hearing set for September 1st, 2016." (*Id*. ¶ 8 (citing August 24 Bankruptcy Court Order) (emphasis in original).) I construe Celestine to be arguing that (1) he was not provided with notice of the September 1 Hearing and (2) his purported lack of notice is supported by the fact that the August

---

[5] "Goldstein Mem." refers to Goldstein's Memorandum of Law in Support of the Motion for an Order Dismissing Notice of Appeal as Untimely, Pursuant to Federal Rule of Bankruptcy Procedure 8002(a) which was filed on November 18, 2016, (Doc. 11-13), and refiled on December 9, 2016, (Doc. 16).

[6] "Opp. Mem." refers to the Appellant's Memorandum of Law in Opposition of Appellee's Motion to Dismiss the Notice of Appeal as Untimely Pursuant to Federal Rule of Bankruptcy Procedure 8002(a) which was filed on December 5, 2016. (Doc. 13.)

[7] "August 24 Bankruptcy Court Order" refers to the Order, Pursuant to Bankruptcy Rule 9006(c)(1), Shortening Time in Which to Serve the Lift Stay Motion which is annexed as Exhibit B to Celestine's Opposition Memorandum. (Doc. 13.)

5

24 Bankruptcy Court Order does not identify him as a party that must be served.

In response, Goldstein asserts that (1) Celestine was served on three separate instances with documents providing notice of the September 1 Hearing, (2) notwithstanding whether he received service, Celestine had actual knowledge and notice of the September 1 Hearing, and (3) Goldstein exercised reasonable diligence in attempting to provide Celestine with notice of the September 1 Hearing. It is true that Celestine is not listed on the August 24 Bankruptcy Court Order as a party upon which Goldstein was directed to serve that order. (Reply ¶ 12.) However, despite not being required to serve Celestine, in an abundance of caution, Goldstein did in fact serve the August 24 Bankruptcy Court Order on Celestine. In support, Goldstein points to the affidavit of service documenting service of the August 24 Bankruptcy Court Order on Celestine. (Application Ex. D; *see* Reply ¶ 12.) Moreover, the August 24 Bankruptcy Court Order is just one of three documents Goldstein served on Celestine in support of the Lift Stay Motion, (Reply ¶ 12, Ex. D), and Goldstein submitted a delivery confirmation for at least one such service package, (*id.* at Ex. E).

Goldstein also argues that Celestine had actual knowledge of the September 1 Hearing and the Lift Stay Order regardless of whether or not he received any of the service packages Goldstein served. As family members, Celestine's mother and/or sister likely informed him of the September 1 Hearing and Lift Stay Order because it appears based upon the following that they were all in contact with one another on issues related to the Property: (i) his mother and sister were filing papers in several fora in an apparent coordinated effort to prevent the foreclosure sale on the Property, (*id.* ¶¶ 5, 8); (ii) Celeste appeared at the September 1 Hearing, (Haas Decl. ¶ 8); (iii) Celestine filed his own bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York the day before the scheduled foreclosure

sale, (Reply ¶ 8); and (iv) his mother appeared at the foreclosure sale on September 7, *see In re Celestine Wenegieme*, No. 8–16–74079 (REG).

Although it seems likely that Celestine had actual knowledge of the September 1 Hearing, I need not resolve the issue of whether or not Celestine received actual notice because I find that Goldstein exercised reasonable diligence in attempting to provide notice of the September 1 Hearing to Celestine. Goldstein served Celestine at 1037 Elder Avenue, Suite 1R, Bronx, New York 10472 (the "Elder Avenue Address"). The Elder Avenue Address is listed as Celestine's address on the deed related to the Property. (Reply ¶ 9.) In addition, Celestine used the Elder Avenue Address as his address in his prior bankruptcy petition. (*Id*. ¶ 10.)

The affidavits of service for the three separate documents submitted in connection with the Lift Stay Motion, (*see id*. at Ex. E), each create a rebuttable presumption that Celestine had notice of the September 1 Hearing, *see In re AMR Corp.*, 492 B.R. 660, 663 (Bankr. S.D.N.Y. 2013) ("It is well settled that proof that a letter was properly addressed and placed in the mail system creates a presumption that the letter was received in the usual time by the addressee."). Celestine fails to rebut the presumption that service of even one of the documents, let alone all three documents, was ineffective. *Id*. at 663–64 (holding that an "affidavit of non-receipt is insufficient to rebut the presumption of receipt created by proof of mailing."). The fact that Goldstein also served Celestine's sister Celeste with all three documents supporting the Lift Stay Motion raises the inference that she informed Celestine of the September 1 Hearing. In addition, the fact that Maresca appeared at the foreclosure sale on September 7 and Celestine filed for bankruptcy protection one day before, *see* Petition, *In re Celestine Wenegieme*, No. 8–16–74079 (REG) (Bankr. E.D.N.Y. Sept. 6, 2016), ECF No. 1, also supports the inference that the family members were in communication regarding the September 1 Hearing.

**B.** *Untimely Filing of the Notice of Appeal*

FRBP 8002(a)(1) states, in relevant part, that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." The Second Circuit has held that the "time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect." *Siemon v. Emigrant Savings Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam); *see also In re Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir. 2014) (distinguishing *In re Siemon* but affirming its holding that the "time limits [ ] prescribed by statute for appeals to district courts acting as appellate courts over bankruptcy matters" are jurisdictional). An exception to FRBP 8002 provides that "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed . . . within 21 days after [the 14-day deadline], if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1); *see also In re Soundview Elite Ltd.*, 512 B.R. 155, 157 (S.D.N.Y. 2014) (relying on *In re Siemon* and *In re Indu Craft* and noting that where an appellant files an untimely appeal beyond the 14-day default deadline, "the analysis does not end there" because FRBP 8002(d)(1)(B) "empowers district courts to extend the filing period beyond the 14–day baseline"), *aff'd*, 597 F. App'x 663 (2d Cir. Mar. 13, 2015). FRBP 8002(d)(2), however, precludes courts from granting such an extension if the "judgment, order, or decree appealed from . . . grants relief from an automatic stay under § 362 . . . of the [Bankruptcy] Code." Fed. R. Bankr. P. 8002(d)(2)(A).

Here, the Lift Stay Order was issued and entered on September 6, 2016. (*See* Lift Stay Order.) Thus, in accordance with FRBP 8002(a), Celestine had fourteen days, or until September 20, to timely file a notice of appeal of the Lift Stay Order. It is undisputed that

8

Celestine filed his notice of appeal on October 6, 2016. (Doc. 1.) In light of the fact that the Lift Stay Motion expressly granted relief from the automatic stay under Section 362 of the Bankruptcy Code, (*see* Lift Stay Order), the fourteen day deadline cannot be extended even if Celestine could establish excusable neglect, *see* Fed. R. Bankr. P. 8002(d)(2)(A). Accordingly, Celestine was required to file his notice of appeal within the fourteen day deadline. Even if this were not the case, I find that the facts here do not support excusable neglect warranting my granting leave to file an untimely appeal. Specifically, Celestine states that he was seriously ill for a period of time from mid-September until late-September and that his illness prevented him from timely filing the notice of appeal. However, citing his illness, Celestine filed a request for an adjournment of a hearing in his bankruptcy case on September 19, 2017, *see* Objection & Request for Adjournment, *In re Celestine Wenegieme*, No. 8–16–74079 (REG) (Bankr. E.D.N.Y.), ECF No. 17; thus, Celestine was well enough to seek an extension of time to file his notice of appeal here.

### C. *The Appeal is Moot*

Finally, even if the appeal were not untimely, the appeal must also be dismissed because the Property was sold at the Foreclosure Sale on September 7, 2016, (Haas Decl .¶ 25), and thus I cannot fashion effective relief rendering the appeal moot. Where, as here, there was no stay pending appeal, "[t]he law is clear that once a foreclosure sale has taken place, the appeal is moot." *In re Young*, No. 00-5033, 2000 WL 1737810, at *1 (2d Cir. Nov. 22, 2000); *see Wenegieme v. Goldstein Grp. Holding*, No. 16-CV-5368 (JFB), 2017 WL 1422629, at *2–3 (E.D.N.Y. Apr. 21, 2017) (dismissing appeal as moot where property was sold at foreclosure sale); *NKL Enters., LLC v. Oyster Bay Mgmt. Co., LLC*, No. 12-CV-5091 (ADS), 2013 WL 1775051, at *5 (E.D.N.Y. Apr. 25, 2013) (dismissing bankruptcy appeal where bankruptcy court

granted relief from the automatic stay *nunc pro tunc* and appellant failed to seek stay of that order to preclude foreclosure sale); *Squires Motel, LLC v. Gance*, 426 B.R. 29, 33 (N.D.N.Y. 2010) (holding that "where an appellant does not obtain a stay pending appeal of an order of dismissal, a subsequent foreclosure of the property at issue leaves the court unable to grant effective relief and consequently renders the appeal moot and subject to dismissal"). Here, there was no stay of the Lift Stay Order and the Property was sold to a third party at the Foreclosure Sale on September 7, 2016. Accordingly, the appeal is moot.

V. **Conclusion**

For the reasons set forth above, Goldstein's motion to dismiss the appeal, (Doc. 14), is GRANTED.

The Clerk's Office is respectfully directed to terminate the motions at Document 9 and Document 14 and mail a copy of this Memorandum & Opinion to the pro se Appellant.

SO ORDERED.

Dated: September 26, 2017
      New York, New York

Vernon S. Broderick
United States District Judge